# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

January 20, 2023

Nathan Ochsner, Clerk of Court

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
146 Treasure Drive, Houston, Harris County, Texas, ) Case No. 4:23-mj-0088
77076 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

146 Treasure Drive, Houston, Harris Couty, Texas, 77076

located in the **Southern** District of **Texas**, there is now concealed *(identify the person or describe the property to be seized)*:

See description in Attachment B to the affidavit of Darnell Smith, attached hereto.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C. Section 841 (a) (1) | Possession of a controlled substance with intent deliver |

The application is based on these facts:
See the attached Affidavit in Support of Search Warrant by Darnell Smith.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Darnell Smith*
Applicant's signature

Darnell Smith, ATF Special Agent
Printed name and title

Sworn to before me by telephone

Date: January 20, 2023

*Yvonne Y. Ho*
Judge's signature

City and state: Houston, Texas

YVONNE Y HO, United States Magistrate Judge
Printed name and title

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

Special Agent Darnell Smith of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, being first duly sworn, states as follows:

### **INTRODUCTION**

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since 2016. As an ATF agent, I have completed training in the field of criminal investigation through the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and have completed specialized training in the fields of firearms, explosives and arson, and the federal law and regulations pertaining thereto, through the ATF National Academy. I routinely refer to and utilize these laws and regulations during the course of my official duties.

I am currently assigned to ATF Houston group II, that specializes in investigating criminal gang activity. My duties include the investigation of violations of the federal firearm and narcotic laws occurring within the Southern District of Texas. I was previously employed as a Police Officer with the City of Detroit for approximately 7 years.

I am acquainted with all aspects of the investigation described below. I have personally participated in this investigation and have witnessed many of the facts and circumstances described herein. I have reviewed documents obtained during the course of the investigation. Except where otherwise noted.

The information set forth in this affidavit has been provided to me directly or indirectly by Special Agents or task force officers of the ATF, DEA, HPD or other local law enforcement officers. Unless otherwise noted, wherever I state that a statement was made, the information was provided by a law enforcement officer (who may have had either direct or hearsay knowledge of

1

the statement) to whom I have spoken or whose report I have read. All statements related herein, whether by law enforcement officers or not, are related in substance and in part, unless otherwise indicated. Information resulting from surveillance set forth is either my personal observations or information provided directly or indirectly through other law enforcement officers who conducted such surveillance.

The facts set forth herein are based on investigation by federal special agents, task force officers, and local police officers, hereafter collectively referred to as "Agents." They are also based upon the undercover efforts of confidential sources.

This affidavit does not contain all the information known to me regarding this investigation but only sufficient facts for the sole purpose of establishing probable cause for the search of the Target Premises. Therefore, I have not set forth every fact that I have learned during the course of this investigation. Facts not set forth herein are not being relied upon in reaching my conclusion that a search warrant should be issued. Nor do I request that the court rely on any facts not set forth herein.

This application seeks the issuance of a search warrant for the known residence of Omar Gonzalez, 146 Treasure Drive, Houston, Harris County, Texas, 77076 (the "Target Premises"). The Target Premises is more fully described in Attachment A. Your Affiant request that the warrant permit a search for and seizure of the evidence listed in Attachment B. The Target Premises is located in the Southern District of Texas.

## INVESTIGATION

ATF CI 30848 has provided true and reliable information on many occasions in the past and there is substantial corroboration for the information provided in this investigation as explained further below. On June 12, 2022, ATF CI 30848 observed the sale of cocaine being

advertised on the social media application, Instagram. The advertisement was posted by Instagram user "dboy.bird". The picture illustrated a white clear baggie with a white substance inside. The text "White" was typed onto the photograph. In my training and experience the term "White" commonly refers to the narcotic cocaine.

ATF CI 30848 initiated an Instagram chat with dboy.bird at the direction of law enforcement to request the purchase of the advertised narcotics. Dboy.bird provided phone number 832-509-8966 to ATF CI 30848 to set up the narcotics purchase. ATF CI 30848 communicated with dboy.bird via the phone number to set up controlled narcotics buys on June 15, 2022 and August 12, 2022. Law enforcement surveilled each transaction in its entirety. Law enforcement searched ATF CI 30848 immediately before each transaction to confirm that ATF CI 30848 was not in possession of any narcotics, provided the buy money, and collected the cocaine immediately after each transaction was completed. On each occasion the person who showed up and sold the narcotics to ATF CI 30848 was a person identified as Omar GONZALEZ, Hispanic male, date of birth February 2, 2002. On June 15, 2022 and August 12, 2022 GONZALEZ was driving an Acura bearing Texas license plate PKV5607 that law enforcement databases showed was registered to 146 Treasure Drive, Houston, Harris County, Texas, 77076, the Target Premises. Law enforcement officers matched the address of the Target Premises to the address listed on GONZALEZ's driver's license. ATF CI 30848 confirmed that GONZALEZ's driver's license photo is the person who sold the cocaine.

During the June 15, 2022 transaction, GONZALEZ met ATF CI 30848 at a Flamingo Chill Restaurant located in the Southern District of Texas. GONZALEZ sold ATF CI 30848 twenty eight grams of cocaine for $900. A lab test confirmed the narcotics were cocaine. GONZALEZ stated that he could sell half a kilo of cocaine for between $10,000 and $11,000. GONZALEZ also

3

stated that he sells machine gun conversion devices (Glock switches) but that he does not have any at the moment.

The August 12, 2022 transaction occurred in the same manner and at the same location. GONZALEZ agreed to sell ATF CI 30848 fifty seven grams of cocaine for $1650. They met and GONZALEZ delivered fifty seven grams of cocaine to ATF CI 30848 for $1650. The substance had the same packaging, appearance, and texture as the cocaine previously purchased. A field test confirmed that the substance contained cocaine. GONZALEZ again stated that he has been selling machine gun conversion devices for $150-$200 each but that he currently does not have any.

On December 5, 2022, ATF CI 30848 called GONZALEZ via phone number (832) 509-8966. ATF CI 30848 inquired if GONZALEZ had any cocaine for sale and requested a price for 2 ounces. GONZALEZ quoted ATF CI 30848 $1600 for 2 ounces of cocaine. ATF CI 30848 and GONZALEZ agreed to meet on December 8, 2022, to conduct the narcotic transaction.

On December 8, 2022, ATF CI 30848 placed a recorded phone call to GONZALEZ via phone number (832) 509-8966. ATF CI 30848 advised GONZALEZ that he would be ready to purchase the narcotics in approximately 20 minutes. ATF CI 30848 and GONZALEZ agreed to conduct the narcotic transaction at the Flamingo Chill Restaurant located at 6404 Airline Dr, Houston, Texas 77076. ATF CI 30848 was searched by law enforcement and provided with the buy money in exactly the same way as in the previous two transactions.

At approximately 12:14 PM ATF CI 30848 placed a second call to GONZALEZ. ATF CI 30848 advised GONZALEZ that he had arrived at the Flamingo Chill Restaurant. GONZALEZ responded that he was on his way.

At approximately 12:20 PM, DEA SA Mark Terry observed a gray colored 2019 Lexus ES3 bearing Texas temporary plate 1585C99 and Vin # 58ABZ1B16KU025771 ("Gray Lexus")

depart from the Target Premises, GONZALEZ's residence located at 146 Treasure Houston, Texas 77076. According to a search of law enforcement databases, the Gray Lexus is registered to Omar GONZALEZ at the Target Premises. This same vehicle was observed arriving at the Flamingo Chill Restaurant shortly after.

GONZALEZ parked the Gray Lexus next to ATF CI 30848's vehicle. GONZALEZ exited his vehicle and entered the passenger seat of ATF CI 30848 vehicle. GONZALEZ removed a clear baggie from his pants pocket containing a white powdery substance that I recognize from my training and experience as cocaine. In exchange ATF CI 30848 gave GONZALEZ $1600 of assorted US Currency. The substance had the same packaging, appearance, and texture as the cocaine previously purchased. A field test confirmed that the substance contained cocaine. ATF CI 30848 asked GONZALEZ if he had an additional ounce of cocaine for sale, GONZALEZ responded that he did. GONZALEZ advised ATF CI 30848 to stay put while he retrieved the cocaine.

Surveillance units surveilled GONZALEZ as he departed the Flamingo Chill Restaurant. GONZALEZ was surveilled back to the Target Premises, his home located at 146 Treasure Drive, without making any stops. GONZALEZ parked his vehicle in the driveway and exited. GONZALEZ entered the residence through the front door before exiting through the rear door of the residence. GONZALEZ was then observed entering a small shed located in the backyard of the residence. GONZALEZ left the backyard the same way he entered it, through the back door of the residence and out the front door, before returning to his vehicle.

GONZALEZ departed from the Target Premises and was surveilled back to the Flamingo Chill Restaurant, again not making any stops in between. GONZALEZ was observed by surveillance units exiting his vehicle and returning to ATF CI 30848's vehicle. Once inside ATF

5

CI 30848's vehicle, GONZALEZ again removed a clear plastic baggie containing the same white powdery substance from his pocket. ATF CI 30848 asked GONZALEZ how much for the cocaine, GONZALEZ responded $800. ATF CI 30848 exchanged $800 of US currency for the narcotics. The substance had the same packaging, appearance, and texture as the cocaine previously purchased. A field test confirmed that the substance was cocaine.

On January 10, 2023, at approximately 12:27 PM, ATF contacted GONZALEZ via phone number (832) 509-8966. ATF CI 30848 requested to purchase 2 ounces of cocaine from GONZALEZ. ATF CI 30848 advised GONZALEZ that he would be ready to complete the purchase on January 11, 2023. GONZALEZ advised ATF CI 30848 to contact him when he was ready to conduct the narcotic transaction.

On January 11, 2023, at approximately 2:01 PM, ATF CI 30848 placed a recorded phone call to GONZALEZ via phone number (832) 509-8966. ATF CI 30848 advised GONZALEZ that he was ready to purchase the narcotics and arranged to conduct the narcotic transaction at the Flamingo Chill Restaurant. ATF CI 30848 and GONZALEZ agreed to meet between 2:10 PM and 2:30 PM. ATF CI 30848 was searched by law enforcement and provided with the buy money in exactly the same way as in the previous three transactions.

Immediately following the phone call, ATF Special Agent Darnell Smith observed GONZALEZ exit his Gray Lexus that was parked in the driveway of the Target Premises. GONZALEZ walked into the residence utilizing the front door.

At approximately 2:20 PM ATF CI 30848 arrived at the Flamingo Chill Restaurant and parked his/her vehicle in the parking lot of the location. ATF CI 30848 placed a call to GONZALEZ via phone (832) 509-8966. ATF CI 30848 advised GONZALEZ that he had arrived at the location. GONZALEZ stated he would be there shortly.

At approximately 2:21 PM GONZALEZ was observed exiting the Target Premises and entering his Gray Lexus. Surveillance units observed GONZALEZ depart the Target Premises and drive to the Flamingo Chill Restaurant without making any stops in between. GONZALEZ exited his vehicle and entered the passenger seat of ATF CI 30848's vehicle. GONZALEZ removed a clear baggie containing a white powdery substance that I recognize from my training and experience as cocaine from his pocket and handed it to ATF CI 30848. In exchange ATF CI 30848 provided GONZALEZ with $1600 of US Currency. The substance had the same packaging, appearance, and texture as the cocaine previously purchased. A field test confirmed that the substance was cocaine.

ATF CI 30848 inquired if GONZALEZ would be able to provide larger weights of narcotics. GONZALEZ stated yes. GONZALEZ quoted ATF CI 30848 $9,500 for half a kilogram of cocaine. The narcotic transaction was ended shortly after.

In my training and experience it is known to me that narcotics traffickers use the items listed in attachment B (paragraphs 2-13) as means to support their narcotic operations and commonly keep such records and items at the location from which they are trafficking narcotics.

## **CONCLUSION**

Based on the information set forth above, your Affiant believes that GONZALEZ is trafficking cocaine out of the Target Premises in violation of Title 21, U.S.C. Section 841 (a)(1). Affiant further believes that cocaine and evidence of the ongoing business of distributing cocaine will be found within the buildings and the Gray Lexus and the Acura bearing Texas license plate PKV5607 vehicles located at the Target Premises.

As described on Attachment A, I request that the search of the Target Premises shall include all dwellings, rooms, attics, crawl spaces, garages, carports, located on the Target Premises.

Affiant also requests the search to include all containers such as safes, vaults, file cabinets, drawers, luggage, briefcases, valises, boxes, jewelry boxes, cans, bags, purses, and the trashcans located in the Target Premises when the warrant is executed.

Respectfully submitted,

*Darnell Smith*

Darnell Smith
Special Agent
ATF

Subscribed and sworn to before me by telephone on January 20, 2023 and I find probable cause.

*Yvonne Y. Ho*

YVONNE Y HO
UNITED STATES MAGISTRATE JUDGE

8

# ATTACHMENT A

### LOCATION TO BE SEARCHED

**146 Treasure DRIVE, HOUSTON, HARRIS COUNTY, TEXAS, 77076-** the "Target Premises"

146 Treasure Dr, HOUSTON, HARRIS COUNTY, TEXAS, is more particularly described as a light-colored brick single-family, one-story residence. The residence has a dark gray shingled roof and a white colored front door. A black iron rod fence surrounds the residence. The residence is located on the south side of Treasure Street. A photograph of the Target Premises is included below and incorporated herein for all purposes.



The search of the Target Premises shall include all rooms, attics, crawl spaces, garages, carports, located on the Target Premises, as well as any containers such as safes, vaults, file cabinets, drawers, luggage, briefcases, valises, boxes, jewelry boxes, cans, bags, purses, and the trash cans located in the Target Premises when the warrant is executed.

The search shall also include a Gray/Silver 2019 Lexus ES3, bearing Vin # 58ABZ1B16KU025771 and an Acura bearing Texas license plate PKV5607

And

The items to be searched for and seized are described in Attachment B of the Affidavit of Special Agent Darnell Smith.

## ATTACHMENT B

### LIST OF ITEMS TO BE SEIZED

Items evidencing violations of Title 21, United States Code, Section 841(a)(1).

1. Controlled substances, to include but not limited to: cocaine.

2. Books, records, receipts, notes, ledgers, airline tickets, money orders, cashier check receipts and other papers relating to the transportation, ordering, sale and distribution of controlled substances.

3. Large amounts of currency, financial instruments, precious metals, jewelry, and other items of value and/or proceeds of drug transactions, items documenting or constituting wallets for virtual currency and/or "seeds" utilized to access virtual currency wallets, and evidence of financial transactions relating to obtaining, transferring, secreting, or spending of large sums of money made from engaging in drug trafficking activities.

4. Books, papers, and electronic devices that reflect names, addresses, and/or telephone numbers for their associates, except those associates clearly unrelated to criminal activity.

5. Photographs and/or video/audio tapes of subjects, their associates, except those associates clearly unrelated to criminal activity, their property, their money, and their drugs, including items in digital format to include but not limited to fixed disks, external hard disks, floppy diskettes, optical and compact disk storage devices (in CD or DVD format), flash drives, and other memory storage devices.

6. Paraphernalia for packaging, cutting, weighing, manufacturing and distributing controlled substances, and that such paraphernalia often includes, but is not limited to heat

sealers, scales, paper bundles, plastic baggies, plastic packets, plastic wrap, plastic bags, and aromatic substances such as soap, dryer sheets, wood shavings, heat sealers and plastic wrapping.

7. Weapons, including pistols, short-barrel shotguns, assault-type rifles, and other firearms.

8. Documents such as personal telephone books, address books, utility company receipts, keys, personal letters, both opened and unopened mail and packages, and other articles of personal property would tend to establish residency.

9. Accounting records and records of narcotics sales and listing persons who owe money to them and those to whom they owe money, aka tally sheets or "pay-owe" sheets.

10. Documentation related to foreign and domestic banks accounts and documents related to their attendant services, cashier's checks, money orders, wire transfers, and bank drafts.

11. Telephones, both residential and mobile, digital and voice pagers, radio frequency scanners, and electronic address books such as personal data assistants (PDAs) that are on Gonzalez's person or under his control. For electronic communication devices, such as mobile, smart and residential telephones, law enforcement officers are authorized to respond to incoming messages and conduct pre-text conversations.

12. An Acura bearing Texas license plate PKV5607 and a Lexus bearing Texas temporary plate 1585C99 and Vin # 58ABZ1B16KU025771.

13. Safes, vaults, suitcases, briefcases, lockboxes, hidden compartments, and other types of secured containers, whether locked or unlocked, that may contain the above listed items.

Authorized officers of the United States are further authorized to open, search and remove, if necessary, any safe or other locked receptacle or compartment, as some of the items described above may be maintained therein.  Authorized officers of the United States are further authorized to use the services of locksmiths, who may not necessarily be federal law enforcement officers, in order to properly open and search any safe or other locked receptacle or compartment on the premises, or off the premises, if necessary, for the purpose of obtaining any items described in this search warrant, provided that such locksmiths operate under the direction, control, and supervision of any authorized officer of the United States.